IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISON

| | |
|---|---|
| ARMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, AND JESSE SOTO, on behalf of themselves and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) **No.** ) |
| Plaintiffs, | ) **Hon.** ) **District Court Judge** ) |
| v. | ) Hon. ) Magistrate Judge ) |
| THE CHEFS' WAREHOUSE MIDWEST, LLC, a/k/a THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY | ) *JURY DEMAND* ) ) ) ) |
| Defendants | ) |

## COMPLAINT

NOW COME Plaintiffs, **ARMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, AND JESSE SOTO,** ("Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorneys, JOHN W. BILLHORN AND SAMUEL D. ENGELSON OF BILLHORN LAW FIRM and SHOUNAK S. DHARAP AND KATHERINE A. RABAGO OF ARNS DAVIS LAW, and for their Complaint against Defendant **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY** ("CW" or "Defendant"), state as follows:

## I.   NATURE OF ACTION

1.     This action is brought under the Illinois Biometric Information Privacy Act., 740 Ill. Comp. Stat. Ann. 14/1, *et seq.* ("BIPA").

## II.     JURISDICTION AND VENUE

2.      Jurisdiction arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a). The citizenship of the Parties is completely diverse. Plaintiffs are citizens of Illinois, as are all of the putative Class members asserted to be entitled to Notice of the action. The Defendant corporation maintains its principal office and headquarters at 100 E. Ridge Rd. in Ridgefield, Connecticut, and is a citizen thereof for purposes of diversity jurisdiction. All Parties are citizens of, domiciled in, and otherwise reside in different states.

3.      Additionally, this Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because Plaintiffs and Defendant are citizens of different states, there are sufficient Class Members to satisfy the numerosity requirements of F.R.C.P. 23, and the amount in controversy is over $75,000.

4.      Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district at 2801 S. Western Avenue in Chicago, Illinois.

## III.     THE PARTIES

5.      Defendant, **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST, LLC, (CW),** is a limited liability company located and incorporated in Delaware. CW maintains its principal office and headquarters at 100 E. Ridge Rd. in Ridgefield, Connecticut. CW owns and operates a wholesale food and beverage supply facility located at 2801 S. Western Avenue in Chicago, Illinois. CW sells a variety of produce, meat, seafood and dairy products, baked and dry goods and non-alcoholic beverages to restaurants.

6.       Plaintiff, **ARMANDO BERMUDEZ**, is a former employee of Defendant who, between approximately August 2016 and August 2020, was employed by Defendant as a delivery driver.

7.      Plaintiff, **FERNANDO PAZ**, is a former employee of Defendant who, between approximately December 2017 and March 2020, was employed by Defendant as a delivery driver.

8.      Plaintiff, **ANDRES S. IRIZARRY,** is a former employee of Defendant who, between approximately October 2018 and July 2021, was employed by Defendant as a delivery driver.

9.      Plaintiff, **JESSE SOTO,** is a former employee of Defendant who, between approximately July 2018 and March 2020, was employed by Defendant as a delivery driver.

## IV.   <u>STATUTORY VIOLATIONS</u>

**Illinois Biometric Information Privacy Act ("BIPA")**

10.     Pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (BIPA), Count I of this action is brought by Plaintiffs to recover liquidated damages or actual damages—whichever are greater—for the unlawful capture and storage of Plaintiffs' biometric information in the form of fingerprints, and the unlawful capture and storage of biometric information in the form of fingerprints taken from members of the defined Class herein. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count I. The claims asserted by Plaintiff herein under BIPA are proper for certification under Federal Rule of Civil Procedure 23.

11.     In enacting the BIPA, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information".  740 ILCS 14/5(f)-(g).

12.     The BIPA prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

13.     Relatedly, the BIPA prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information. 740 ILCS 14/15(b)(1)(b).

## V.     FACTUAL ALLEGATIONS

14.     As a part of Defendant's timekeeping practices, Defendant captured and collected biometric information from its employees, including Plaintiffs – namely fingerprints.

15.     Each day of work, in order to clock in at the beginning of their shift or clock out at the end of their shift, and at times to clock in and out for breaks, Plaintiffs were required to utilize a biometric time keeping system that involved inputting a unique code and providing a fingerprint. Plaintiffs were required to provide the fingerprint each time she clocked in or out.

16.     Each time Plaintiffs and other employees used the timekeeping system, Defendant scanned their fingerprints and used said fingerprints to record data relating to their clock in and clock out times. In doing so, Defendant collected biometric information from Plaintiffs and other employees.

17.     Defendant did not obtain written consent from Plaintiffs or any employees to capture biometric information.

4

18.     At no time did Defendant provide Plaintiffs with any information, including the statement of any policy, relating to the collection of their biometric information or how Defendant intended to use said information.

19.     The fingerprint biometric information collected as described above, unlike an employee identification number or card, is a unique and permanent identifier.

20.     By requiring employees such as Plaintiffs to use their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another and that employees would not be able to manipulate time worked, establishing that Defendant benefitted from using a biometric time clock.

21.     Defendant has and continues to place Plaintiffs and other employees at risk by using biometric identifiers to record their time.

22.     Defendant failed to inform Plaintiffs and other employees whether it has sold or otherwise disclosed her biometric information to third parties.

23.     Defendant collected, stored, used and transferred the unique biometric fingerprint identifiers and information of Plaintiffs and other similarly situated employees without complying with the detailed requirements of BIPA.

24.     As a result, Defendant violated the provisions of BIPA and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly situated employees subject to the same or similar collection.

25.     The claims brought herein by the named Plaintiffs is based upon non-compliant practices and policies implemented by Defendants and said claims are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees who were also subject to the biometric collection of data as described herein are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

26.     Defendant knew of the requirements of the BIPA because the law was enacted in 2008 and numerous news articles, court filings and multiple other media features about BIPA were widespread within this and other jurisdictions across the country in ways such that Defendant's upper management and legal counsel were aware of BIPA requirements.

27.     Defendant should have known of the requirements of the BIPA because the law was enacted in 2008 and numerous news articles, court filings and multiple other media features about BIPA were widespread within this and other jurisdictions across the country in ways such that Defendant's upper management and legal counsel were aware of BIPA requirements.

## VI.     **CLASS ACTION ALLEGATIONS**

28.     Plaintiffs seek to represent the following Class:

All individuals employed by Defendant in the State of Illinois who scanned their fingerprints into Defendant's fingerprint-based timekeeping system in the course of their employment with Defendants, at any time between May of 2018 to the present.

29.     Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints into Defendant's biometric time clock system despite Defendant not adhering to the requirements of BIPA.

30.     The precise number of class members is unknown at this time but is in excess of 40 individuals and perhaps encompasses hundreds of individuals who have been subject to the alleged improper collection and retention.

31.     As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

32.     The issues involved in the lawsuit present common questions of law and fact, including: whether the putative Class Members used their fingerprints to clock in and out during shifts; whether the Class's scanned fingerprints qualify as "biometric identifiers" or

"biometric information" under the BIPA; and whether Defendant complied with the procedures of the BIPA.

33. These common questions of law and fact predominate over any variations that may exists between members of the Class.

34. Plaintiffs, all putative Class Members, and Defendant have a commonality of interests in the subject matter of the lawsuit and the remedies sought.

35. If individual actions were required to be brought by each member of the putative Plaintiff Class injured or affected, the result would be a multiplicity of actions, creating hardship to the Class, the Court and Defendant.

36. Accordingly, class action treatment under the specific rules established by the Federal Rules of Civil Procedure (F.R.C.P. 23) is an appropriate and preferred method and process for the fair and efficient adjudication of the lawsuit and distribution of the common fund of damages to which the Class is entitled.

37. The books and records and data files of Defendant CF are material to Plaintiffs' claims and the claims of the putative Class, because that information will disclose how and when Plaintiffs and other Class Members scanned their fingerprints in and through Defendant's biometric time clock system and what information Defendant provided Plaintiffs and the Class about collection, retention, use, and dissemination of their biometric identifiers and information and as such.

38. Defendant should, immediately upon knowledge of the claims herein, strive to preserve, safeguard and protect all such pertinent and relevant data for the 5-year time period referenced herein.

39. Plaintiffs, and their counsel, will fairly and adequately protect the interests of the Class and all of its Members.

## COUNT I

## VIOLATION OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT, 740 ILL. COMP. STAT. ANN. 14/1, *ET SEQ.*,

1-39.    Paragraphs 1 through 39 of are re-alleged and incorporated as though set forth fully herein.

40.    As described in the foregoing paragraphs, Defendant's timekeeping policies and practices are in violation of the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/1 *et seq.*

40.    Section 15(a) of BIPA, provides:

**Retention; collection; disclosure; destruction.**

(a) A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

41.    Defendant is and has been in possession of Plaintiffs' biometric information in the form of their fingerprints as well as in possession of the fingerprints of numerous other members of the Plaintiff Class.

42.    Defendant failed to develop any written policy, made available to the public or otherwise, relating to the retention of employees' biometric information.

43.    On information and belief, Defendant does not have a policy or practice in place to permanently destroy an employee's biometric information after it has been collected or, did not have policy or practice in place during a portion of the 5-year period referenced herein.

44. Defendant has violated Section 15(a) of BIPA by failing to comply with a data-retention schedule and guidelines for the destruction of Plaintiff's biometric information.

45. Defendant has further violated Section 15(a) of BIPA by unlawfully retaining Plaintiffs' biometric information without informing her, or other members of the Plaintiff Class, or the public of any policies relating to the retention of biometric information.

46. Defendant's failure to comply with the provisions of BIPA as described above was intentional or reckless.

47. Section 15(b) of BIPA, provides:

**Unlawful Collection**

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

48. Defendant failed to inform Plaintiffs or their authorized representative in writing that their fingerprints were being collected or stored.

49. Defendant failed to inform Plaintiffs or their authorized representative in writing of the specific purpose and length of term for which their fingerprints were being collected, used, or stored.

50. Defendant failed to obtain a written release executed by Plaintiffs or her legally authorized representative permitting Defendant to collect, use, or store Plaintiffs' fingerprints.

51.     Defendant has violated Section 15(b) of BIPA by collecting Plaintiffs'

fingerprints without informed, written consent.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly

situated, known and unknown, respectfully requests this Court to enter an order:

(a)     declaring and decreeing each of Defendant's biometric information collection
and retention practices as described herein (and such other violations which may come to
light during the prosecution of this matter, including but not limited to violation of Section
15(c) relative to profiting from Plaintiffs' biometric information, violation of Section 15(d)
relative to improper disclosure of Plaintiffs' biometric information, and Section (e) in relative
to proper storage of Plaintiffs' biometric information) in violation of the provisions of the
Illinois Biometric Information Privacy Act;

(b)     awarding liquidated damages in the amount of $1,000 to Plaintiffs and each
putative class member, or actual damages to be shown by the evidence, whichever is greater,
for each instance in which a negligent act by Defendant resulted in a violation of the Act;

(c)     awarding liquidated damages in the amount of $5,000 to Plaintiffs and each
putative class member, or actual damages to be shown by the evidence, whichever is greater,
for each instance in which an intentional or reckless act resulted in a violation of the Act;

(d)     allowing this Court to retain jurisdiction of the case until such time it is assured
Defendant has remedied the biometric information retention policies and practices
complained of herein and are determined to be in full compliance with the law;

(e)     directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and
litigation expenses, as provided by statute;

Respectfully submitted,

*Electronically Filed 05/25/2023*

s/John W. Billhorn

John William Billhorn
Samuel D. Engelson
BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 1137
Chicago, IL 60604
(312) 853-1450

Shounak S. Dharap
Katherine A. Rabago
ARNS DAVIS LAW
515 Folsom St., 3rd Fl.
San Francisco, CA 94105

(415) 495-7800

Attorneys for Plaintiffs and those similarly
situated, known and unknown