**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| ARMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, AND JESSE SOTO AND JOAQUIN LOPEZ, **on behalf of themselves and all other plaintiffs similarly situated, known and unknown**, ) ) ) ) ) ) | No. 1:23-cv-03337 |
| Plaintiffs, ) ) | **Hon. Charles P. Kocoras** **District Court Judge** |
| v. ) ) | **Hon. Sunil R. Harjani** **Magistrate Judge** |
| THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY, ) ) ) ) ) | |
| Defendants. | |

## **DEFENDANT'S ANSWER AND DEFENSES TO FIRST AMENDED COMPLAINT**

Defendant **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY** ("CW" or "Defendant"), by its attorneys, state for its Answer and Additional Defenses to the First Amended Complaint ("FAC") filed by Plaintiffs **ARMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, JESSE SOTO AND JOAQUIN LOPEZ** ("Plaintiffs") as follows:

## I.     **NATURE OF ACTION**

1.      This action is brought under the Illinois Biometric Information Privacy Act., 740 Ill. Comp. Stat. Ann. 14/1, *et seq*. ("BIPA").

**ANSWER:**     Paragraph 1 contains Plaintiffs' preliminary statement and legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW admits that Plaintiffs have brought a lawsuit seeking relief under the Illinois Biometric

Information Privacy Act., 740 Ill. Comp. Stat. Ann. 14/1, et seq. ("BIPA"), but denies that Plaintiffs

are entitled to any relief, and otherwise denies the allegations of Paragraph 1.

## II.   **JURISDICTION AND VENUE**

2.      Jurisdiction arises through diversity of citizenship pursuant to 28 U.S.C. §1332(a).

The citizenship of the Parties is completely diverse. Plaintiffs are citizens of Illinois, as are all of the

putative Class members asserted to be entitled to Notice of the action. The Defendant corporation

maintains its principal office and headquarters at 100 E. Ridge Rd. in Ridgefield, Connecticut, and

is a citizen thereof for purposes of diversity jurisdiction. All Parties are citizens of, domiciled in, and

otherwise reside in different states.

**ANSWER:**      CW admits that it maintains its principal office and headquarters at 100 E. Ridge Rd.

in Ridgefield, Connecticut.  Paragraph 2 otherwise contains legal conclusions to which no response

is required.  To the extent that the allegations may be construed as allegations of fact, CW admits

that, if Plaintiffs are all citizens of Illinois as alleged, this Court has jurisdiction pursuant to 28 U.S.C.

§1332(a) but denies all other facts.

3.      Additionally, this Court has subject matter jurisdiction under the Class Action

Fairness Act, 28 U.S.C. § 1332(d), because Plaintiffs and Defendant are citizens of different states,

there are sufficient Class Members to satisfy the numerosity requirements of F.R.C.P. 23, and the

amount in controversy is over $75,000.

**ANSWER:**      Paragraph 3 contains legal conclusions to which no response is required.  To the

extent that the allegations may be construed as allegations of fact, CW admits that, if Plaintiffs are

all citizens of Illinois as alleged, this Court has subject matter jurisdiction under the Class Action

Fairness Act, 28 U.S.C. § 1332(d).

4.  Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiffs performed work in this district at 2801 S. Western Avenue in Chicago, Illinois.

**ANSWER:**  CW admits that Plaintiffs performed work at 2801 S. Western Avenue in Chicago, Illinois.  Paragraph 4 otherwise contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW admits that venue lies in the Northern District of Illinois.

III.  **THE PARTIES**

5.  Defendant, **THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST, LLC, (CW),** is a limited liability company located and incorporated in Delaware. CW maintains its principal office and headquarters at 100 E. Ridge Rd. in Ridgefield, Connecticut. CW owns and operates a wholesale food and beverage supply facility located at 2801 S. Western Avenue in Chicago, Illinois. CW sells a variety of produce, meat, seafood and dairy products, baked and dry goods and non-alcoholic beverages to restaurants.

**ANSWER:**  CW admits the allegations of Paragraph 5.

6.  Plaintiff, **ARMANDO BERMUDEZ,** is a former employee of Defendant who, between approximately August 2016 and August 2020, was employed by Defendant as a delivery driver.

**ANSWER:**  CW admits that it employed Plaintiff Armando Bermudez as a driver from approximately August 2016 until approximately June 30, 2021 and otherwise denies the allegations of Paragraph 6.

7.  Plaintiff, **FERNANDO PAZ**, is a former employee of Defendant who, between approximately December 2017 and March 2020, was employed by Defendant as a delivery driver.

**ANSWER:**  CW admits the allegations of Paragraph 7.

8.    Plaintiff, **ANDRES S. IRIZARRY,** is a former employee of Defendant who, between approximately October 2018 and July 2021, was employed by Defendant as a delivery driver.

**ANSWER:**    CW admits the allegations of Paragraph 8.

9.    Plaintiff, **JESSE SOTO,** is a former employee of Defendant who, between approximately July 2018 and March 2020, was employed by Defendant as a delivery driver.

**ANSWER:**    CW admits the allegations of Paragraph 9.

10.    Plaintiff, **JOAQUIN LOPEZ**, is a former EMPLOYEE OF Defendant who, between approximately March of 2019 and March of 2020 was employed by Defendant as a delivery driver.

**ANSWER:**    CW admits the allegations of Paragraph 10.

## IV.    STATUTORY VIOLATIONS

### Illinois Biometric Information Privacy Act ("BIPA")

11.    Pursuant to the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, (BIPA), Count I of this action is brought by Plaintiffs to recover liquidated damages or actual damages—whichever are greater—for the unlawful capture and storage of Plaintiffs' biometric information in the form of fingerprints, and the unlawful capture and storage of biometric information in the form of fingerprints taken from members of the defined Class herein. Each and every Plaintiff who joins this case in the future shall specifically adopt and assert the claims made under this Count I. The claims asserted by Plaintiff herein under BIPA are proper for certification under Federal Rule of Civil Procedure 23.

**ANSWER:**    Paragraph 11 contains legal conclusions and recitations of law to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

4

12.     In enacting the BIPA, the Illinois legislature recognized that the full ramifications of biometric technology are not yet fully known and so the public will benefit from "regulations on the collection, use, safeguarding, handling, storage retention, and description of biometric identifiers and information". 740 ILCS 14/5(f)-(g).

**ANSWER:**     Paragraph 12 contains legal conclusions and recitations of law to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

13.     The BIPA prohibits a "private entity" from capturing or collecting biometric identifiers or information from an individual unless that private entity first obtains the individual's written consent or employment related release authorizing the private entity to capture or collect an individual's biometric identifiers and/or biometric information. 740 ILCS 14/15(b)(3).

**ANSWER:**     Paragraph 13 contains legal conclusions and recitations of law to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

14.     Relatedly, the BIPA prohibits a private entity from capturing or collecting biometric identifiers or information from an individual unless that private entity first informs the individual, in writing, of the following: (a) that the private entity is collecting biometric identifiers or information, (b) the purpose of such collection, and (c) the length of time the private entity will retain the biometric identifiers or information.  740 ILCS 14/15(b)(1)(b).

**ANSWER:**     Paragraph 14 contains legal conclusions and recitations of law to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

## V.     <u>FACTUAL ALLEGATIONS</u>

15.     As a part of Defendant's timekeeping practices, Defendant captured and collected biometric information from its employees, including Plaintiffs – namely fingerprints.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 15.

16.     Each day of work, in order to clock in at the beginning of their shift or clock out at the end of their shift, and at times to clock in and out for breaks, Plaintiffs were required to utilize a biometric time keeping system that involved inputting a unique code and providing a fingerprint. Plaintiffs were required to provide the fingerprint each time she clocked in or out.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 16.

17.     Each time Plaintiffs and other employees used the timekeeping system, Defendant scanned their fingerprints and used said fingerprints to record data relating to their clock in and clock out times. In doing so, Defendant collected biometric information from Plaintiffs and other employees.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 17.

18.     Defendant did not obtain written consent from Plaintiffs or any employees to capture biometric information.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 18.

19.     At no time did Defendant provide Plaintiffs with any information, including the statement of any policy, relating to the collection of their biometric information or how Defendant intended to use said information.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 19.

20.     The fingerprint biometric information collected as described above, unlike an employee identification number or card, is a unique and permanent identifier.

<u>**ANSWER:**</u>     CW denies the allegations of Paragraph 20.

21.     By requiring employees such as Plaintiffs to use their fingerprints to record their time, instead of identification numbers or badges only, Defendant ensured that one employee could not clock in for another and that employees would not be able to manipulate time worked, establishing that Defendant benefitted from using a biometric time clock.

**ANSWER:**     CW denies the allegations of Paragraph 21.

22.     Defendant has and continues to place Plaintiffs and other employees at risk by using biometric identifiers to record their time.

**ANSWER:**     CW denies the allegations of Paragraph 22.

23.     Defendant failed to inform Plaintiffs and other employees whether it has sold or otherwise disclosed her biometric information to third parties.

**ANSWER:**     CW denies the allegations of Paragraph 23.

24.     Defendant collected, stored, used and transferred the unique biometric fingerprint identifiers and information of Plaintiffs and other similarly situated employees without complying with the detailed requirements of BIPA.

**ANSWER:**     CW denies the allegations of Paragraph 24.

25.     As a result, Defendant violated the provisions of BIPA and compromised the privacy and security of the biometric identifiers and information of Plaintiffs and other similarly situated employees subject to the same or similar collection.

**ANSWER:**     CW denies the allegations of Paragraph 25.

26.     The claims brought herein by the named Plaintiffs is based upon non-compliant practices and policies implemented by Defendants and said claims are identical or similar to the claims of other past and present employees who were subject to the same non-compliant policies and practices alleged herein. Those past and present employees who were also subject to the

biometric collection of data as described herein are entitled to receive Notice of these proceedings and afforded opportunity to join their individual claims.

**ANSWER:**     CW denies the allegations of Paragraph 26.

27.     Defendant knew of the requirements of the BIPA because the law was enacted in 2008 and numerous news articles, court filings and multiple other media features about BIPA were widespread within this and other jurisdictions across the country in ways such that Defendant's upper management and legal counsel were aware of BIPA requirements.

**ANSWER:**     CW denies the allegations of Paragraph 27.

28.     Defendant should have known of the requirements of the BIPA because the law was enacted in 2008 and numerous news articles, court filings and multiple other media features about BIPA were widespread within this and other jurisdictions across the country in ways such that Defendant's upper management and legal counsel were aware of BIPA requirements.

**ANSWER:**     CW denies the allegations of Paragraph 28.

## VI.     CLASS ACTION ALLEGATIONS

29.     Plaintiffs seek to represent the following Class:

All individuals employed by Defendant in the State of Illinois who scanned their fingerprints into Defendant's fingerprint-based timekeeping system in the course of their employment with Defendants, at any time between May of 2018 to the present.

**ANSWER:**     CW admits that Plaintiffs seek to represent a class but deny that such representation is proper and otherwise deny the allegations of Paragraph 29.

30.     Plaintiffs and the Class are similar to one another because they were all subject to the same allegedly illegal practices: scanning their fingerprints into Defendant's biometric time clock system despite Defendant not adhering to the requirements of BIPA.

**ANSWER:**    CW denies the allegations of Paragraph 30.

31.    The precise number of class members is unknown at this time but is in excess of 40 individuals and perhaps encompasses hundreds of individuals who have been subject to the alleged improper collection and retention.

**ANSWER:**    CW denies the allegations of Paragraph 31.

32.    As a result, the Class is so numerous that joining of all class members in one lawsuit is not practical.

**ANSWER:**    Paragraph 32 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

33.    The issues involved in the lawsuit present common questions of law and fact, including: whether the putative Class Members used their fingerprints to clock in and out during shifts; whether the Class's scanned fingerprints qualify as "biometric identifiers" or "biometric information" under the BIPA; and whether Defendant complied with the procedures of the BIPA.

**ANSWER:**    Paragraph 33 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

34.    These common questions of law and fact predominate over any variations that may exists between members of the Class.

**ANSWER:**    Paragraph 34 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

35.    Plaintiffs, all putative Class Members, and Defendant have a commonality of interests in the subject matter of the lawsuit and the remedies sought.

**ANSWER:**    Paragraph 35 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

36.     If individual actions were required to be brought by each member of the putative Plaintiff Class injured or affected, the result would be a multiplicity of actions, creating hardship to the Class, the Court and Defendant.

**ANSWER:**     Paragraph 36 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

37.     Accordingly, class action treatment under the specific rules established by the Federal Rules of Civil Procedure (F.R.C.P. 23) is an appropriate and preferred method and process for the fair and efficient adjudication of the lawsuit and distribution of the common fund of damages to which the Class is entitled.

**ANSWER:**     Paragraph 37 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

38.     The books and records and data files of Defendant CW are material to Plaintiffs' claims and the claims of the putative Class, because that information will disclose how and when Plaintiffs and other Class Members scanned their fingerprints in and through Defendant's biometric time clock system and what information Defendant provided Plaintiffs and the Class about collection, retention, use, and dissemination of their biometric identifiers and information and as such.

**ANSWER:**     CW admits that some of its books and records are relevant to this lawsuit but otherwise denies the allegations of Paragraph 38.

39.     Defendant should, immediately upon knowledge of the claims herein, strive to preserve, safeguard and protect all such pertinent and relevant data for the 5-year time period referenced herein.

**ANSWER:**    Paragraph 39 lacks any factual allegation requiring a response, but to the extent that the allegations may be construed as allegations of fact, CW denies them.

40.    Plaintiffs, and their counsel, will fairly and adequately protect the interests of the Class and all of its Members.

**ANSWER:**    Paragraph 40 contains legal conclusions to which no response is required.  To the extent that the allegations may be construed as allegations of fact, CW denies them.

## COUNT I

### VIOLATION OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT, 740 ILL. COMP. STAT. ANN. 14/1, *ET SEO.,*

1-40.    Paragraphs 1 through 40 of are re-alleged and incorporated as though set forth fully herein.

**ANSWER:**    Defendant incorporates by reference its responses to the foregoing allegations of Paragraphs 1-40.

41.    As described in the foregoing paragraphs, Defendant's timekeeping policies and practices are in violation of the Illinois Biometric Information Privacy Act, 740 Ill. Comp. Stat. Ann. 14/1 *et seq.*

**ANSWER:**    CW denies the allegations of Paragraph 41.

42.    Section 15(a) of BIPA, provides:

Retention; collection; disclosure; destruction.

(a)    A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction,

11

a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

**ANSWER:** Paragraph 42 contains recitations of law to which no response is required. To the extent that the allegations may be construed as allegations of fact, CW admits that Section 15(a) of BIPA is worded as above.

43. Defendant is and has been in possession of Plaintiffs' biometric information in the form of their fingerprints as well as in possession of the fingerprints of numerous other members of the Plaintiff Class.

**ANSWER:** CW denies the allegations of Paragraph 43.

44. Defendant failed to develop any written policy, made available to the public or otherwise, relating to the retention of employees' biometric information.

**ANSWER:** CW denies the allegations of Paragraph 44.

45. On information and belief, Defendant does not have a policy or practice in place to permanently destroy an employee's biometric information after it has been collected or, did not have policy or practice in place during a portion of the 5-year period referenced herein.

**ANSWER:** CW denies the allegations of Paragraph 45.

46. Defendant has violated Section 15(a) of BIPA by failing to comply with a data-retention schedule and guidelines for the destruction of Plaintiff's biometric information.

**ANSWER:** CW denies the allegations of Paragraph 46.

47. Defendant has further violated Section 15(a) of BIPA by unlawfully retaining Plaintiffs' biometric information without informing her, or other members of the Plaintiff Class, or the public of any policies relating to the retention of biometric information.

**ANSWER:** CW denies the allegations of Paragraph 47.

48. Defendant's failure to comply with the provisions of BIPA as described above was intentional or reckless.

**ANSWER:** CW denies the allegations of Paragraph 48.

49. Section 15(b) of BIPA, provides:

**Unlawful Collection**

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first:

(1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored;

(2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

**ANSWER:** Paragraph 49 contains recitations of law to which no response is required. To the extent that the allegations may be construed as allegations of fact, CW admits that Section 15(b) of BIPA is worded as above.

50. Defendant failed to inform Plaintiffs or their authorized representative in writing that their fingerprints were being collected or stored.

**ANSWER:** CW denies the allegations of Paragraph 50.

51. Defendant failed to inform Plaintiffs or their authorized representative in writing of the specific purpose and length of term for which their fingerprints were being collected, used, or stored.

**ANSWER:** CW denies the allegations of Paragraph 51.

52.     Defendant failed to obtain a written release executed by Plaintiffs or her legally authorized representative permitting Defendant to collect, use, or store Plaintiffs' fingerprints.

**ANSWER:**     CW denies the allegations of Paragraph 52.

53.     Defendant has violated Section 15(b) of BIPA by collecting Plaintiffs' fingerprints without informed, written consent.

**ANSWER:**     CW denies the allegations of Paragraph 53.

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

WHEREFORE, Plaintiffs, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order awarding:

(a)     declaring and decreeing each of Defendant's biometric information collection and retention practices as described herein (and such other violations which may come to light during the prosecution of this matter, including but not limited to violation of Section 15(c) relative to profiting from Plaintiffs' biometric information, violation of Section 15(d) relative to improper disclosure of Plaintiffs' biometric information, and Section (e) in relative to proper storage of Plaintiffs' biometric information) in violation of the provisions of the Illinois Biometric Information Privacy Act

(b)     awarding liquidated damages in the amount of $1,000 to Plaintiffs and each putative class member, or actual damages to be shown by the evidence, whichever is greater, for each instance in which a negligent act by Defendant resulted in a violation of the Act;

(c)     awarding liquidated damages in the amount of $5,000 to Plaintiffs and each putative class member, or actual damages to be shown by the evidence, whichever is greater, for each instance in which an intentional or reckless act resulted in a violation of the Act;

(d)     allowing this Court to retain jurisdiction of the case until such time it is assured Defendant has remedied the biometric information retention policies and practices complained of herein and are determined to be in full compliance with the law;

(e)     directing Defendant to pay to Plaintiffs' reasonable attorneys' fees, costs, and litigation expenses, as provided by statute;

**ANSWER:**     CW admits that Plaintiffs are seeking relief but denies that they are owed any relief.

## AFFIRMATIVE OR OTHER DEFENSES

Defendant asserts the following defenses and/or affirmative defenses, without assuming any burden of proof that otherwise does not exist as a matter of law.  These defenses may also apply to the claims of some or all of the class of allegedly similarly situated persons if class/collective certification is granted.

### First Defense

### (Failure to State a Claim)

1.     The FAC, in whole or in part, fails to state a claim upon which relief can be granted, including, but not limited to, a claim upon which prejudgment interest may be granted.

### Second Defense

### (Mandatory Grievance Provision in Collective Bargaining Agreement)

2.     To the extent any of the putative class members are members of a union, and subject to a collective bargaining agreement, those putative class members' claims are subject to a mandatory grievance provision, which precludes them for participating in this Action.

### Third Defense

### (Consent)

3.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and all putative class members consented to the conduct that is alleged to violate BIPA.

**Fourth Defense**

**(No Injury)**

4.      Plaintiff and the putative class members have not sustained any injury or damage as a result of any actions allegedly taken by CW and are thus barred from asserting claims against CW.

**Fifth Defense**

**(Unconstitutional Penalties)**

5.      Plaintiffs' claims are barred, in whole or in part, because the damages sought by Plaintiffs and the putative class are barred under the Due Process Clause of the Illinois and Federal Constitutions.  The Complaint seeks at least $1,000 in liquidated damages for each alleged BIPA violation, even though neither Plaintiffs nor the putative class have suffered any harm as a result of the conduct alleged. The liquidated damages available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiffs and the putative class members, and therefore any award of liquidated damages to the Plaintiff or putative class members would violate CW's due process rights.

**Sixth Defense**

**(Ratification)**

6.      Plaintiff's claims are barred, in whole or in part, under the doctrines of ratification and acquiescence. Upon information and belief, Plaintiffs and each putative class member approved and, in some cases, participated in the complained-of conduct.

## Seventh Defense

### (Statute Inapplicable)

7.      Plaintiff's claims are barred, in whole or in part, because CW did not possess, collect, capture, purchase, receive through trade, or otherwise obtain biometric identifiers or biometric information as defined under BIPA.

## Eighth Defense

### (No Violation)

8.      Plaintiff's claims are barred because a publicly-available policy regarding the collection, retention and destruction of Plaintiffs' biometric information existed and/or exists.

## Ninth Defense

### (Waiver, Estoppel, Other Equitable Doctrines)

9.      The claims of Plaintiffs and/or the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction, waiver, laches, estoppel, comparative fault, and/or contributory fault.

## Tenth Defense

### (Class Action Not Proper)

10.      Plaintiffs cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure and, therefore, the class action allegations of the Complaint should be stricken and dismissed.

## Eleventh Defense

### (Individualized Inquiries)

11.      The Complaint's class allegations should be dismissed because independent and individual analyses of Plaintiffs and the putative class members' claims and Defendant's defenses to such claims are required.

### Twelfth Defense

### (Lack of Manageability)

12.     The Complaint's class allegations should be dismissed because independent and individual analyses of Plaintiffs and the putative class members' claims and Defendant's defenses render a class action unmanageable.

### Thirteenth Defense

### (Damages Not Suitable for Class Treatment)

13.     Plaintiffs cannot offer a model of damages that is amenable to class treatment.

### Fourteenth Defense

### (Violation of Due Process)

14.     Certification of a class, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's procedural rights and right to a trial by jury and to substantive and procedural due process, in violation of the Fourteenth Amendment of the United States Constitution.

### Fifteenth Defense

### (Inadequate Class Representatives)

15.     The Complaint's class allegations should be dismissed because Plaintiffs are inadequate class representatives.

### Sixteenth Defense

### (No Intentional or Reckless Violation)

16.     Plaintiff's claims are barred, in whole or in part, by CW's good faith, and the absence of negligent, intentional, or reckless conduct.

**Seventeenth Defense**

**(Failure to Mitigate)**

17.     Plaintiffs and/or the putative class members' claims are barred to the extent Plaintiffs and/or the putative class failed, refused, and/or neglected to mitigate or avoid the damages complained of in the FAC, if any.

**Eighteenth Defense**

**(Substantial Compliance)**

18.     Plaintiffs and/or the putative class members' claims are barred to the extent that Defendant substantially complied with the BIPA.

**Nineteenth Defense**

**(Exterritoriality)**

19.     Plaintiffs and/or the putative class members' claims are barred to the extent that any relevant conduct did not occur primarily and substantially in Illinois

**Twentieth Defense**

**(Incorrect Party)**

20.     Plaintiffs and/or the putative class members' claims are barred in whole or in part because other parties are responsible for the actions alleged in the FAC.

**Twenty-first Defense**

**(Lack of Standing)**

21.     Plaintiffs' claims and the claims of any putative class member(s) are barred, in whole or in part, because some or all of these individuals lack standing to seek some or all of the requested relief.

### Twenty-second Defense

### (Unclean Hands)

22.     Plaintiffs' claims and the claims of any collective/class member(s) are barred, in whole or in part, based upon the doctrine of unclean hands, or otherwise, to the extent they violated their employer's policies, practices, guidelines, and/or manager instructions.

### Twenty-third Defense

### (Arbitration)

23.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent any of the Plaintiffs or putative class members' claims are subject to mandatory arbitration..

### Twenty-fourth Defense

### (Waiver / Release)

24.     Plaintiffs' FAC, and each purported cause of action alleged therein, is barred, in whole or in part, to the extent any of the Plaintiffs or putative class members have entered settlement or severance agreements waiving their right to bring these claims against Defendants.

### Twenty-fifth Defense

### (Reservation of Right to Assert Additional Defenses)

25.     In addition to the foregoing defenses, Defendant reserves the right to amend its Answer to raise any and all additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or to pursue any available counterclaims against Plaintiffs or any putative class member who joins this action as those claims become known during this litigation.

**WHEREFORE,** Defendant requests judgment against Plaintiffs with respect to their claims asserted herein, dismissing the FAC in this action, and entering judgment in favor of

Defendant, together with costs and disbursements of the above-entitled action and any other relief this Court may deem just and proper.

DATED: July 31, 2023            HUNTON ANDREWS KURTH LLP

Respectfully submitted,

/s/ *Julia Y. Trankiem*

Michele J. Beilke (pro hac vice admission pending)
Julia Y. Trankiem (ARDC # 6287553)
Galit A. Knotz (pro hac vice admission pending)
HUNTON ANDREWS KURTH LLP
550 South Hope Street, Suite 2000
Los Angeles, CA 90071
(213) 532-2000
mbeilke@hunton.com
jtrankiem@hunton.com
gknotz@huntonak.com

Attorneys for Defendant
THE CHEFS' WAREHOUSE MIDWEST

Brenna M. Woodley
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
(312) 471-8700
bwoodley@rshc-law.com

Local counsel for Defendant

21