# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, AND JESSE SOTO AND JOAQUIN LOPEZ, on behalf of themselves and all other plaintiffs similarly situated, known and unknown,, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY, <br><br> Defendants. | Case No. 1:23-cv-03337 <br><br><br> **Hon. Sunil R. Harjani** <br> **District Court Judge** |

## DEFENDANT'S RULE 12(C) MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC ("CW" or "Defendant"), by its attorneys, respectfully moves this Court for an order dismissing Plaintiffs' First Amended Complaint ("FAC," Dkt. 8) with prejudice. In support thereof, Defendant states the following:[1]

1. Plaintiffs bring this class action lawsuit alleging that Defendant violated the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/ *et seq.*).

---

[1] On July 10, 2024, the undersigned informed Plaintiffs' counsel of the basis of this motion and the relief sought herein (this is in addition to prior conversations regarding the motion that the undersigned had with Plaintiffs' counsel). At the time of filing this motion, Plaintiffs have not expressly stated whether they intend to oppose the motion.

2. Specifically, Plaintiffs allege that they "were required to utilize a biometric timekeeping system that … required [them] to provide the fingerprint each time [they] clocked in our out." FAC ¶ 16. Under a single Count I to the FAC, Plaintiffs assert two theories under BIPA: the first under Section 15(a) for CW's alleged failure to develop and implement a policy relating to the retention of employees' biometric information (FAC ¶¶ 42-48); and the second under Section 15(b) for CW's alleged failure to inform and get the consent from "Plaintiffs or their authorized representative" prior to collecting biometric information (FAC ¶¶ 49-53).

3. Plaintiffs seek to bring their claims on behalf of themselves and a class consisting of all Illinois employees of Defendant who "scanned their fingerprints into Defendant's fingerprint-based timekeeping system in the court of their employment with Defendants, at the time between May of 2018 to the present." *Id*. ¶ 29.

4. The FAC is ripe for dismissal under Federal Rule of Civil Procedure 12(c) for two reasons.

5. *First*, at all times relevant to the claims asserted in the FAC, Plaintiffs were unionized drivers when CW purportedly captured and collected their biometric information or biometric identifiers. Controlling Seventh Circuit precedent makes clear that these are ordinary topics of collective bargaining and, as a labor dispute between Plaintiffs' Union and the employer, fall under the Labor Management Relations Act ("LMRA"). *See Fernandez v. Kerry, Inc.*, 14 F.4th 644, 464 (7th Cir. 2021) (holding that BIPA claims are preempted because they necessarily implicate "topics for bargaining between unions and management," including whether the Union assented to the collection of fingerprints); *see also Walton v. Roosevelt University*, 2023 IL 128338. Accordingly, Plaintiffs' BIPA claims are preempted, and the FAC must be dismissed because this Court lacks subject matter jurisdiction.

6. *Second*, Plaintiffs' claim under Section 15(a) of BIPA further fails because Plaintiffs lack Article III standing to assert this claim before this Court. The Seventh Circuit held in *Bryant v. Compass* 958 F.3d 617 (7th Cir. 2020), that a plaintiff lacks Article III standing to assert claims under Section 15(a) because "the duty to discloser under section 15(a) is owed to the public generally, not to particular persons whose biometric information the entity collects," and therefore lacks the concrete injury sufficient to confer standing. *Id*. at 626. Plaintiffs' claim under Section 15(a) should therefore be dismissed on this ground as well.

For these reasons, and for the reasons set forth in its accompanying memorandum of law, CW respectfully requests that the Court dismiss the BIPA claims, as well as the entire First Amended Complaint, **with** prejudice.

DATED: July 15, 2024 Respectfully submitted,

By: */s/ Julia Y. Trankiem*
Michele J. Beilke (pro hac vice)
mbeilke@seyfarth.com
Julia Y. Trankiem (ARDC # 6287553)
jtrankiem@seyfarth.com
Galit A. Knotz (pro hac vice)
gknotz@seyfarth.com
SEYFARTH SHAW LLP
601 South Figueroa Street
Suite 3300
Los Angeles, California 90017-5793
Telephone: (213) 270-9600
Facsimile: (213) 270-9601

Paul J. Yovanic Jr.
pyovanic@seyfarth.com
SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

Attorneys for Defendant
THE CHEFS' WAREHOUSE MIDWEST