IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMANDO BERMUDEZ, FERNANDO PAZ, ANDRES S. IRIZARRY, JESSE SOTO, AND JOAQUIN LOPEZ, on behalf of themselves and all other plaintiffs similarly situated, known and unknown,<br><br>      Plaintiffs,<br><br>  v.<br><br>THE CHEFS' WAREHOUSE MIDWEST, LLC, A/K/A THE CHEFS' WAREHOUSE MID-WEST LLC, A DELAWARE LIMITED LIABILITY COMPANY,<br><br>      Defendant. | Case No. 23 C 3337<br><br>Honorable Sunil R. Harjani |

**ORDER**

  Plaintiffs Bermudez, Paz, Irizarry, Soto, and Lopez bring this action against their former employer, Defendant Chefs' Warehouse, alleging class violations of the Illinois Biometric Information Privacy Act (BIPA). Having considered the allegations of the Complaint, the Court finds that Defendant's motion [50] must be granted based on the collective bargaining agreements between Plaintiffs and Defendant and the statute of limitations.

**Discussion**

  From August 2016 through July 2021, Plaintiffs were truck drivers for Defendant's wholesale food and beverage facility in Chicago, Illinois. Compl. [8] ¶¶ 5-10. There was a union for the truck drivers at the Chicago facility, which had two consecutive collective bargaining agreements with Defendant from November 6, 2017, through July 2021. All the Plaintiffs were members of the union during this time. They allege that, as part of their employment, Defendant collected biometric information by using a fingerprint time keeping system to clock in and out. *Id.* ¶¶ 15-17. Plaintiffs' assert that their biometric data was collected, captured, and stored without Defendant developing a written policy or informing Plaintiffs in violation of BIPA Section 15(a) and (b). *Id.* ¶¶ 41-53. BIPA prohibits private entities from collecting, capturing, storing, and retaining a person's biometric identifier or biometric information without first providing written notice that the information is being collected and of the specific purpose and length of the term for the collection, storage, and use of the data. 740 ILCS 14/15(a)(b). The entity must then receive a written release from the subject or the subject's legally authorized representative. *Id.*

1

Defendant moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Seventh Circuit has noted Rule 12(c) or dismissal for lack of subject-matter jurisdiction is proper in cases such as this, when dealing with preemption of BIPA based on collective bargaining agreements. *See Miller v. Southwest Airlines Co.*, 926 F.3d 898, 901 (7th Cir. 2019). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). *Adams v. City of Indianapolis*, 742 F.3d 720, 727-28 (7th Cir. 2014). A complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a complaint for purposes of a motion to dismiss or motion for judgment on the pleadings, the Court "construe[s] it in the light most favorable to the nonmoving party, accept[s] well-pleaded facts as true, and draw[s] all inferences in [the nonmoving party's] favor." *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (*quoting Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010)).

In a motion for judgment on the pleadings, the Court looks only to the matters addressed in the pleadings. *Kiddy-Brown v. Blagojevich*, 408 F.3d 346, 355 (7th Cir. 2005). The pleadings include the complaint, answer, written instruments attached as exhibits, and documents referred to in the plaintiff's complaint central to the claims. *See Adams*, 742 F.3d at 729. However, "when a complaint refers to and rests on a contract or other document that is not attached to the complaint, a court might be within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned." *See Minch v. City of Chicago*, 486 F.3d 294, 300 n. 3 (7th Cir. 2007). The parties do not object to the Court considering the collective bargaining agreements in this motion, nor do they question the authenticity of the agreements. *See Miller*, 926 F.3d at 904 (affirming dismissal based on union contracts while noting the district court should have labeled dismissal as a Rule 12(c) judgment on the pleadings or dismissal for lack of subject-matter jurisdiction).

Defendant's motion does not contest the merits of Plaintiff's BIPA claim. Instead, Defendant moves for judgment on the pleadings because Plaintiffs' Complaint is preempted by Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a). Section 301 preempts a state law claim if resolution of the claim "requires the interpretation of a collective-bargaining agreement." *Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 413 (1988). The preemption encompasses "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 394 (1987) (cleaned up).

The Seventh Circuit is clear that federal law preempts BIPA claims brought by union-represented employees against their employers if the union consented to the collection and use of the data. *Miller*, 926 at 904 (holding that BIPA claims are preempted by the Railway Labor Act); *Fernandez v. Kerry, Inc.*, 14 F.4th 644, 646 (7th Cir. 2021) (applying *Miller* to hold BIPA claims are preempted by Section 301 of the Labor Management Relations Act). Under BIPA, "a worker or an authorized agent may receive necessary notices and consent to the collection of biometric

information." *Miller*, 926 F.3d at 903 (cleaned up). In *Miller*, the Seventh Circuit rejected the argument that a union is not a legally authorized representative for this purpose. *Id.* Here, Defendant contends that the collective bargaining agreements contain a broad management rights clause which encompasses the BIPA claims.

Plaintiffs disagree. They argue that the management-rights clause is narrow and cannot be read to include the collection of biometric information, thus *Miller* and *Fernandez* do not apply. This argument fails under Seventh Circuit precedent. When an employer asserts that the union consented to the use of biometric data through a management-rights clause, the question of whether the union consented to the collection or use, and the scope of the grant of authority through the management-rights clause, are questions that must be resolved between the union and employer. *Fernandez*, 14 F.4th at 645-46. In *Fernandez*, the district court found that the management-rights clause at issue was broad enough to potentially consent to the use of biometric data. *See Fernandez v. Kerry, Inc.*, 2020 WL 7027587, at *4 (N.D. Ill. Nov. 30, 2020). There, the collective bargaining agreement gave the employer "the right to manage the business efficiently and profitably including but not limited to the direction of forces." *Id.* This was nearly identical to the broad collective bargaining agreement in *Miller* which gave the company the "right to manage and direct the work force." *Id.* (*citing Miller*, 926 F.3d at 904). The Seventh Circuit affirmed the district court's finding that whether this management-rights clause constitutes consent to the use of biometric data was a question based on the agreement and needed to be determined by an arbitrator. *Fernandez*, 14 F.4th at 646. In the present case, the collective bargaining agreement gives the company a similar broad right to "manage the work force and the facility." Contrary to Plaintiffs' argument, under *Fernandez*, this is an issue of interpretation of the collective bargaining agreement that must be decided by an arbitrator pursuant to the collective bargaining agreements. *Id.*

Plaintiff Bermudez further argues that his Section 15(a) claim is not preempted because he worked for Defendant for over a year before the first collective bargaining agreements became effective. Thus, any violation from his employment start date, in 2016, through the effective date of the collective bargaining agreements, November 6, 2017, may proceed. According to the Illinois Supreme Court, the statute of limitations for Section 15(a) and (b) are both five-years. *Tims v. Black Horse Carriers, Inc.*, 2023 IL 127801, ¶ 42 (Ill. 2023). This lawsuit was filed on May 25, 2023. Thus, the date for the expiration of the statute of limitations is five years prior – May 25, 2018.

Plaintiff attempts to save this argument by alleging that the continuing violation doctrine applies to incidents prior to May 25, 2018. The continuing violation doctrine is a limited exception to the general rule of accrual that allows accrual of acts when there is a continuing or repeated injury, resulting in a cumulative violation. In *Cothron v. White Castle System*, another court in this district found that BIPA claims are not subject to the continuing violation doctrine because each act is discrete and individual. 477 F. Supp. 3d 723, 730-31 (N.D. Ill. Aug. 7, 2023). The Seventh Circuit, upon reviewing this issue, certified a question to the Illinois Supreme Court on whether BIPA claims under sections 15(b) and (d) accrue each time a party scans their biometric information or on the first scan and transmission. *See Cothron v. White Castle Sys., Inc.*, 20 F.4th

1156, 1167 (7th Cir. 2021). The Illinois Supreme Court agreed with the district court's analysis and found that the claims accrued on each scan. *See Cothron v. White Castle Sys., Inc.*, 2023 IL 128004, ¶ 24 (Ill. 2023). Following the logic of the Illinois Supreme Court, BIPA claims accrue under Section 15(a) each time the private entity scans biometric data but does not have a written policy. *See* 740 ILCS 14/15(a). Thus, the continuing violation doctrine does not apply as the claim accrues each time biometric information is collected and retained without the proper written policy. *See e.g.*, *Cothron*, 2023 IL 128004, ¶ 45 ("[A] claim accrues under [BIPA] with every scan or transmission of biometric identifiers or biometric information without prior informed consent."); *see also Cothron*, 477 F. Supp. 3d at 731 ("Time may exacerbate them, but an injury occurs immediately upon violation"). Therefore, Plaintiff Bermudez's claims before May 25, 2018, are barred by the statute of limitations.

As this case is preempted by Section 301 of the Labor Management Relations Act and all claims prior to the effective date of the collective bargaining agreements are barred by the statute of limitation, the Court need not address the issue of Article III standing. The Court also dismisses the complaint because granting leave to amend would be futile as a result of the Court's ruling above.

## Conclusion

For the reasons stated above, Defendant's motion for judgment on the pleadings [50] is granted and the complaint is dismissed with prejudice. Final judgment is entered in favor of Defendant.

**SO ORDERED.**

Dated: November 20, 2024

Sunil R. Harjani
United States District Judge